## CHARLIE HOLDEN v. STATE.

No. A-8806. March 29, 1935.
Rehearing Denied April 19, 1935.
(47 Pac. [2d] 223.)

Wm. H. Lewis, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, for convenience hereinafter referred to as the defendant, was by information jointly charged with W. L. Cummings and Mrs. Charlie Holden; was tried separately, convicted, and

sentenced to pay a fine of $50.00 and to be imprisoned in the county jail for 30 days.

The testimony shows in substance that the defendant and his wife and W. L. Cummings were driving in the northeast part of the city of Oklahoma City. The officers George Kerr and Don Stone were also driving in the northeast part of the city. The officers saw defendant driving along the street and followed him and forced him into the curb, told him to get out of his car, and, after they had gotten the defendant out of the car, they looked in the back seat of the car and found two pistols and one gun. In order to justify their conduct of stopping the defendant's car on the street, the officers testify they arrested him on suspicion of his having been connected with a bank robbery, and used that as a justification for stopping the defendant and searching his car without a warrant for his arrest or to search his car. The statement of the officers as to why they stopped him and put him under arrest is uncontradicted. However, it does not seem reasonable, and seems to be an afterthought of the officers when they considered they had acted without authority.

The defendant admits he had the guns, and stated he had started to the farm near Shawnee and had put the guns in the car to take them down there.

Several questions have been raised by the defendant in his assignment of errors and argued at length. Some of the questions argued have merit, but, in the view we take of this record, it is not necessary to set out at length the questions argued and submitted. The evidence in the case shows a technical violation by the defendant of unlawfully carrying weapons. Considering all the circumstances in the case, we hold that the evidence is sufficient to sustain a violation of the statute (St. 1931, § 2584),

but we hold the evidence is not sufficient to warrant the maximum punishment which was imposed on the defendant. Under the authority given this court by the statute (St. 1931, §3204), we believe that this judgment should be modified from a fine of $50.00 and 30 days in jail to a fine of $50.00, and, as modified, the judgment is affirmed.

DOYLE, J., concurs. EDWARDS, J., not participating.